UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-06842-ODW (BFMx) | Date | August 19, 2025 |
|---|---|---|---|
| Title | *Andrew Manler v. General Motors LLC* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**     **In Chambers**

On March 13, 2025, Plaintiff Andrew Manler initiated this action against Defendant General Motors LLC in state court. (Notice Removal ("NOR") Ex. A ("Compl."), ECF No. 1-1.) Plaintiff alleges violations of California Civil Code section 1739.2, breach of implied warranty, and violation of the Song-Beverly Warranty Act and the Magnuson-Moss Federal Trade Commission Improvement Act (the "Magnuson-Moss Act"). (*Id.* ¶¶ 8–44.) Plaintiff seeks restitution, actual damages, consequential and incidental damages, attorneys' fees; and civil penalties. (*Id.*, Prayer for Relief.) On July 25, 2025, Defendant removed the action to this court based on diversity jurisdiction. (NOR, ECF No. 1.) On August 4, 2025, the Court ordered Defendant to show cause why this action should not be remanded for lack of subject matter jurisdiction. (Order, ECF No. 8.) On August 11, 2025, Defendant filed a Response. (Resp., ECF No. 13.)

Upon review of Defendant's Notice of Removal and Response to the Court's Order to Show Cause, the Court finds Defendant fails to establish that the amount in controversy exceeds $75,000, and accordingly **REMANDS** the action.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-06842-ODW (BFMx) | Date | August 19, 2025 |
|---|---|---|---|
| Title | *Andrew Manler v. General Motors LLC* | | |

Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship among the adverse parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id*.

Here, Defendant argues that Plaintiff's potential damages exceed $75,000 because the Song-Beverly Act allows a plaintiff to recover twice the compensatory damages in civil penalties. (NOR ¶ 5; Resp. 3–4.) Defendant asserts that Plaintiff's actual damages total at least $34,920.04. (Resp. 3.) Defendant also contends that because Plaintiff seeks civil penalties, (Prayer ¶ C), the amount in controversy is increased to $104,760.13. (Resp. 4). Finally, Defendant contends that Plaintiff's counsel will seek attorneys' fees. (*Id*.)

Defendant's inclusion of civil penalties to establish the amount in controversy highly speculative and insufficient to meet its burden. "A plaintiff who establishes that a violation of the [Song-Beverly] Act was willful may recover a civil penalty of up to two times the amount of actual damages." *See* Cal. Civ. Code § 1794(c). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019); *Estrada v. FC US LLC*, No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish the amount in controversy was "too speculative and are not adequately supported by the facts and evidence"). Defendant argues that the Court should consider the maximum civil penalties amount but fails to establish that inclusion of civil penalties is appropriate.

Defendant also fails in its burden with respect to attorneys' fees. Here, Defendant does not provide an estimated attorneys' fee award and broadly states that the amount in controversy should include reasonable estimates of attorneys' fees. (Resp. 4.) This is far from adequate to establish the inclusion of attorneys' fees or what amount is appropriate. *See Gaus*, 980 F.2d at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-06842-ODW (BFMx) | Date | August 19, 2025 |
|---|---|---|---|
| Title | *Andrew Manler v. General Motors LLC* | | |

    Defendant's failure to establish that inclusion of civil penalties or attorneys' fees is appropriate dooms federal subject matter jurisdiction in this case. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Absent civil penalties and attorneys' fees, Defendant establishes an amount in controversy of only $34,920.04. This falls short of Defendant's burden to establish the requisite $75,000. *See* 28 U.S.C. § 1332(a). Accordingly, the Court **REMANDS** this case to the Superior Court of the State of California, County of Los Angeles, 111 N. Hill St., Los Angeles, CA 90012, Case No. 25STCV07226. Consequently, the Court **DENIES AS MOOT** Plaintiff's Motion to Remand. (ECF No. 14.)

    All dates are **VACATED**. The Clerk of the Court shall close this case.

    **IT IS SO ORDERED.**

                                                                               : 00

                                                     Initials of Preparer    SE